UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80628-CV-MIDDLEBROOKS
MAGISTRATE JUDGE REID

JOSE ARANDA,

        Petitioner,

v.

DEP'T OF CORR.,

        Respondent.

## REPORT OF MAGISTRATE JUDGE

Petitioner has filed a *pro se* Petition for Writ of Habeas corpus pursuant to 28 U.S.C. § 2254, attacking his judgment of conviction in Case No. 2013-CF-004688, Fifteenth Judicial Circuit of Florida, Palm Beach County. [ECF No. 1]. As further discussed below, the Petition should be DENIED.

### I.  Background

To briefly summarize, in a second amended information, the state charged Petitioner with two counts of sexual activity with a child (counts one and two) and one count of lewd or lascivious molestation (count three). [ECF No. 8-1 at 2[1]]. A jury found him guilty as charged. [*Id.* at 5-6]. The trial court sentenced him to concurrent 30-year terms on counts one and two and a consecutive 15-year term on count three. [*Id.* at 14-15]. Petitioner filed an appeal in the Fourth District Court of Appeals ("Fourth District"). [*Id.* at 23]. The Fourth District affirmed the trial court without comment. [*Id.* at 114].

---

[1] All page citations to ECF entries refer to the page-stamp number located at the top, right-hand corner of the page.

Relevant here, Petitioner filed a motion to modify his sentence under Florida Rule of Criminal Procedure 3.800. [*Id.* at 118]. The trial court denied it and the Fourth District affirmed. [*Id.* at 136, 154]. Also relevant here, Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. [*Id.* at 186]. The trial court denied it in a reasoned order, [*id.* at 206], and the Fourth District again affirmed without comment, [*id.* at 256].

Petitioner then timely filed this § 2254 Petition. [ECF No. 1]. The state filed a Response and supporting documentation. [ECF Nos. 7, 8, 9]. Petitioner filed a Reply [ECF No. 10], and this case is now ripe for adjudication.

## II.     Legal Standard Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1)'s "contrary to" clause, courts may grant the writ if the state court: (1) reaches a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) decides a case differently than the Supreme Court has on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under its "unreasonable application" clause, courts may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies it to the facts of the case. *Id.* at 413. "[C]learly

established Federal law" consists of Supreme Court "precedents as of the time the state court renders its decision." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citation and emphasis omitted).

An unreasonable application of federal law differs from an incorrect application of federal law. *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation omitted). Under this standard, "a state prisoner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Courts "apply this same standard when evaluating the reasonableness of a state court's decision under § 2254(d)(2)." *Landers v. Warden*, 776 F.3d 1288, 1294 (11th Cir. 2015) (citations omitted). That is, "[a] state court's . . . determination of the facts is unreasonable only if no fairminded jurist could agree with the state court's determination." *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012) (citations and quotation marks omitted).

Under § 2254(d), where the decision of the last state court to decide a prisoner's federal claim contains no reasoning, federal courts must "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). "It should then presume that the unexplained decision adopted the same reasoning." *Id.*

### III. Ineffective Assistance of Counsel Principles

To establish a claim of ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficiency, he must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. To prove prejudice, he must show "a reasonable

3

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

It is "all the more difficult" to prevail on a *Strickland* claim under § 2254(d). *Harrington*, 562 U.S. at 105. As the standards that *Strickland* and § 2254(d) create are both "highly deferential," review is "doubly" so when the two apply in tandem. *Id.* (citation omitted). Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable." *Id.* Rather, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Petitioner has the burden of proof on his ineffectiveness claim, *see Holsey*, 694 F.3d at 1256, as well as the burden of proof under § 2254(d). *See also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

## IV.   Discussion

A.   Claim One

Petitioner alleges that counsel ineffectively failed to object to court's "instruction on an uncharged crime." [ECF No. 1 at 4]. Count one charged him with "penetrating the sexual organ of E.H. with his penis or causing his penis to have union with the sexual organ of E.H." [ECF No. 8-1 at 2]. By comparison, on this count, the court instructed the jury that the state must prove that he "committed an act upon E.H. in which [his] penis penetrated or had union with the vagina of E.H." [ECF No. 9-2 at 680]. Petitioner contends that this instruction was an uncharged crime because it referred to penetration of a "vagina" and not penetration of a "sexual organ" as alleged in the second amended information. [ECF No. 1 at 4]. Petitioner raised this claim in his 3.850 motion. [ECF No. 8-1 at 190-92]. The trial court rejected it as "specious at best." [*Id.* at 209]. The Fourth District affirmed without comment. [*Id.* at 256].

Here, the trial court reasonably rejected this claim. Pertinently, the statute of conviction provides that sexual battery "means oral, anal, or *vaginal* penetration by, or union with, the sexual organ of another." Fla. Stat. § 794.011(1)(h), (8)(b) (emphasis added). Furthermore, the victim testified that Petitioner penetrated her vagina with his penis. [ECF No. 9-2 at 97-98, 114-17]. Accordingly, the record supports the trial court's finding that this claim is specious. Counsel did not deficiently fail to raise this meritless objection. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance." (citation omitted)).

In sum, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. Accordingly, this claim should be denied.

B.    Claim Two

Petitioner contends that counsel ineffectively failed to ensure that he was present during the many sidebars that took place during his trial, where "counsel made several decisions about evidence and witnesses." [ECF No. 1 at 5]. He does not elaborate. [*Id.*]. Petitioner raised this claim in his 3.850 motion. [ECF No. 8-1 at 192-93]. The trial court rejected it on the ground that he was "physically present in the courtroom and ha[d] an opportunity to participate at sidebar conferences 'through counsel.'" [*Id.* at 210 (quoting *Lamarca v. State*, 931 So. 2d 838, 856 (Fla. 2006))]. The Fourth District affirmed without comment. [*Id.* at 256].

Here, the trial court reasonably rejected this claim. The U.S. Supreme Court has not addressed whether "the right to be present at any stage of the criminal proceeding . . . critical to its outcome [where the defendant's] presence would contribute to the fairness of the procedure,"

5

*Kentucky v. Stincer*, 482 U.S. 730, 745 (1987), subsumes a right to be present at sidebars, *Davenport v. Ricci*, No. CIV.A. 09-4997 MLC, 2012 WL 2863662, at *13 (D.N.J. July 11, 2012).

Furthermore, Petitioner has not adequately alleged any actual prejudice from counsel's failure to ensure his presence at sidebars. [ECF No. 1 at 5]. Although he alleges that counsel made several decisions about evidence and witnesses at sidebars, he has not alleged that his presence at sidebars would have changed these decisions or that such change would have created a reasonable probability of a different result. [*Id.*] Indeed, he alleges that counsel's failure to ensure his presence at sidebars was "per se prejudice," which is a tacit admission that he cannot identify any prejudice. And, again, there is no clearly established law that defendants have a right to attend sidebars, per se or otherwise.

In sum, the state courts' rejection of this claim is not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. Accordingly, this claim should be denied.

C.    Claim Three

Petitioner contends that the prosecutor improperly vouched for the victim's credibility during closing argument. [ECF No. 1 at 6]. In support, he notes that the prosecutor argued that the victim was "honest" and "straightforward" about the things she could not remember and was "telling the truth." [*Id.* (citing ECF No. 9-2 at 716-18)]. He further contends that, had counsel objected and moved for mistrial, the court would have upheld the objection, partly because the state's case "came down to a credibility contest between Petitioner and the [] victim." [*Id.* at 6-7]. Petitioner raised this claim in his 3.850 motion. [ECF No. 8-1 at 193-96]. The trial court rejected it on the ground that the prosecutor properly commented on the evidence but that, even if his

6

comments were improper, Petitioner failed to show prejudice. [*Id.* at 214]. The Fourth District affirmed without comment. [*Id.* at 256].

Here, the trial court reasonably found that the allegedly improper remarks did not prejudice Petitioner. Before closing argument, the trial court instructed the jury that what the attorneys said in their closing arguments was not evidence or legal instruction. [ECF No. 9-2 at 689, 692]. Furthermore, the trial court instructed the jury that it had to base its verdict on the evidence and the law contained in the instructions. [*Id.* at 690]. The jury presumably followed these instructions. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

Additionally, while the victim was the state's key witness, the state presented additional evidence of petitioner's guilt, including evidence to corroborate the victim's account and DNA evidence. [ECF No. 7 at 14-17 (citing trial transcript)]. Thus, the record supports the trial court's finding that "the remarks [did not] prejudicially affect [petitioner's] substantial rights." *See Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1182 (11th Cir. 2010) (citation omitted). Accordingly, the trial court most likely would have denied a motion for mistrial. *See* [ECF No. 8-1 at 214]. This being so, the trial court reasonably concluded that Petitioner cannot show prejudice on this claim. *See Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief." (collecting cases)).[2]

In sum, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. Accordingly, this claim should be denied.

---

[2] The Supreme Court has yet to clearly establish that improper prosecutorial remarks during closing argument violate due process. *See Reese v. Sec'y, Fla. Dep't of Corr.*, 675 F.3d 1277, 1287-88 (11th Cir. 2012).

D.     Claim Four

Petitioner alleges that his conviction violates double jeopardy because: (1) counts one through three all allege that he "touched [came in union with] the sexual organs of the [] victim"; and (2) "[a]ll three counts alleged that the crime occurred . . . [in] the same time and place." [ECF No. 1 at 8]. Petitioner does not elaborate on this claim. [*Id.*].

Count one charged Petitioner with "penetrating the [vagina] of E.H. with his penis or causing his penis to have union with the [vagina] of E.H" in violation of Fla. Stat. § 794.011(1)(h) & (8)(b). [ECF No. 8-1 at 2]. Count two charged him with "caus[ing] a sexual organ to penetrate or have union with the anus of E.H." in violation of the same statute. [*Id.*] Count three charged him with "kiss[ing] or suck[ing] the breasts of E.H." in violation of Fla. Stat. § 800.04(5)(a) & (c)2. [*Id.*]. Petitioner raised this claim in his 3.850 motion. [*Id.* at 196-97]. The trial court rejected it, concluding that his "conviction[s] and sentences [were] clearly predicated on distinct sexual acts and, therefore, [did] not violate double jeopardy." [*Id.* at 8-1 at 215]. The court reasoned that "penetration of the vagina and penetration of the anus are distinct acts necessary to complete each sexual battery [under § 794.011]." [*Id.* (citing *Duke v. State*, 444 So. 2d 492, 494 (Fla. 2nd DCA 1984) (internal quotation marks omitted), *approved*, 456 So. 2d 893 (Fla. 1984))]. The Fourth District affirmed without comment. [*Id.* at 256].

The Double Jeopardy Clause "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). "If there is no clear indication of legislative intent to impose cumulative punishments, [courts must] examine the relevant statutes under the same-elements test of

8

*Blockburger* [v. *United States*, 284 U.S. 299 (1932)]." *Williams v. Singletary*, 78 F.3d 1510, 1513 (11th Cir. 1996). "Under that test, if each statutory offense requires proof of an element not contained in the other, the offenses are not the 'same' and double jeopardy is no bar to cumulative punishment." *Id.*

Section 777.021(4) (a) of the Florida Statutes provides:

"Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense[.] . . . [O]ffenses are separate if each offense requires proof of an element that the other does not[.]"

Here, the trial court reasonably rejected this claim. The trial court found that, as a matter of state law, vaginal penetration and anal penetration are separate elements of proof under § 794.011. [ECF No. 8-1 at 215 (citing Florida cases)]. The Florida courts' determination of the elements of § 794.011 binds this habeas court. *See Brown v. Ohio*, 432 U.S. 161, 167 (1977) ("[T]he Ohio Court of Appeals has authoritatively defined the elements of the two Ohio crimes[.]"); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Therefore, counsel reasonably could have concluded that counts one and two each required proof of an element that the other did not. Likewise, count three involved Fla. Stat. § 800.04, which contains an element that § 794.011 does not, i.e., lewd and lascivious touching of the breasts. *See* Fla. Stat. § 800.04(5)(a); *see also State v. Drawdy*, 136 So. 3d 1209, 1214 (Fla. 2014) (defendant's convictions for "sexual battery for penetrating the victim's vagina with his penis" and "lewd or lascivious molestation for intentionally touching the victim's breasts in a lewd or lascivious manner during the vaginal penetration" did not violate double jeopardy).

Accordingly, counsel reasonably could have concluded that any double jeopardy challenge to any of the charges would have failed. Consequently, there is a reasonable argument that he did not deficiently fail to raise a double jeopardy challenge. *Pinkney*, 876 F.3d at 1297.

In sum, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. Thus, this claim should be denied.

E.  <u>Claim Five</u>

Petitioner argues that counsel ineffectively moved for judgment of acquittal because he "only made [a] boilerplate argument" and did not argue that the "case should have been judged under the special standard for circumstantial evidence cases." [ECF No. 1 at 8]. Petitioner raised this claim in his 3.850 motion. [ECF No. 8-1 at 197]. The trial court denied it, concluding that the record refuted it, partly because much of the state's evidence was direct. [*Id.* at 216-17]. The Fourth District affirmed without comment. [*Id.* at 256].

Here, the trial court reasonably rejected this claim. As it correctly found, the state adduced the victim's testimony and DNA evidence, both of which are types of direct evidence. *See Fitzpatrick v. State*, 900 So. 2d 495, 506 (Fla. 2005) (*per curiam*) ("[T]he State presented direct evidence in the form of DNA evidence and eyewitness testimony." (citation omitted)); *see also Davis v. State*, 90 So. 2d 629, 631 (Fla. 1956) ("Direct evidence is that to which the witness testifies of his own knowledge as to the facts at issue."). Because the trial court would have denied any motion for judgment of acquittal on this particular ground, counsel did not deficiently fail to raise it. *See Pinkney*, 876 F.3d at 1297.

In sum, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. Accordingly, this claim should be denied.

F.     Claim Six

Petitioner contends that counsel ineffectively advised him not to testify because he "has a language barrier" and the state would "be able to mention that [he] was from another county." [ECF No. 1 at 9]. He adds that, but for this misadvice, he would have testified. [*Id.*]. Petitioner raised this claim in his 3.850 motion. [ECF No. 8-1 at 198-99]. The trial court denied it on the ground that the record contradicted it. [*Id.* at 218-19]. The Fourth District affirmed without comment. [*Id.* at 256].

Here, the trial court reasonably rejected this claim. The trial court informed Petitioner that the decision to testify or not was solely his and he affirmed that he wished to "preserve [his] right to remain silent and not [] take the witness stand and offer testimony." [ECF No. 9-2 at 539]. Likewise, Petitioner cannot show prejudice because his allegation that his testimony would have led to a more favorable result is conclusory and speculative. As such, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts and the claim should be denied.

G.     Claim Seven

Petitioner contends that counsel misadvised him regarding the strength of his case by stating that "he was sure to win." [ECF No. 1 at 9-10]. He further contends that, had counsel not so misadvised him, he "would have sought and accepted a plea offer." [*Id.* at 10].

Petitioner raised this claim in his 3.850 motion. [ECF No. 8-1 at 199-201]. The trial court denied it, finding that the state was "under no obligation to offer a plea, and no plea offer actually existed." [*Id.* at 219]. The Fourth District affirmed without comment. [*Id.* at 256].

The trial court reasonably rejected this claim. "[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in" *Strickland*. *Missouri v. Frye*, 566 U.S. 134, 140 (2012) (citation omitted). To establish prejudice in this context, "a defendant must show a reasonable probability that but for counsel's ineffectiveness[] . . . the plea offer would have been presented to the court." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014) (citations omitted).

Here, the trial court found that no plea offer existed, and that the state had no duty to offer one. Petitioner has not argued otherwise. *See generally* [ECF No. 10]. Indeed, he tacitly admits that no plea offer existed by alleging that he "would have sought" a plea offer had counsel not misadvised him. [ECF No. 1 at 10]. Therefore, he has not shown a reasonable probability that, had counsel not advised him to go to trial, a plea offer would have been presented to the court.

In sum, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. Thus, the claim should be denied.

H.  Claim Eight

Petitioner contends that his two 30-year concurrent sentences on counts one and two violate double jeopardy. [ECF No. 1 at 12-13]. Like claim four, he contends that the crimes "took place at the same time, and constitute a single act, rather than multiple acts within a single episode." [*Id.* at 12]. Petitioner raised this claim in his 3.800(a) motion. [ECF No. 8-1 at 131-32]. The trial court

rejected it as "devoid of any merit." [*Id.* at 137]. The Fourth District affirmed without comment. [*Id.* at 154].

Here, this claim fails for essentially the same reasons that claim four fails. As noted, Florida courts have held that vaginal penetration and anal penetration are separate elements of proof under § 794.011. [*Id.* at 215 (citing Florida cases)]. This state authority binds this habeas court regarding the elements of § 794.011. *See Brown*, 432 U.S. at 167; *see also Richey*, 546 U.S. at 76. Because Petitioner's sexual battery convictions under § 794.011 each required proof of elements that the other did not, he cannot show a double jeopardy violation. *See Williams*, 78 F.3d at 1513; *see also* Fla. Stat. § 777.021(4)(a). Likewise, his conviction for lewd and lascivious molestation required proof of an element that his sexual battery convictions did not. *See* Fla. Stat. § 800.04(5)(a); *see also Drawdy*, 136 So. 3d at 1214.

In sum, whether under § 2254(d) or *de novo* review, Petitioner has not met his burden of showing a double jeopardy violation. *See Pinholster*, 563 U.S. at 181 (petitioner has burden of proof under § 2254(d)); *see also Garlotte v. Fordice*, 515 U.S. 39, 46 (1995) (petitioner has burden of proof under *de novo* review). Thus, the claim should be denied.

## V. Evidentiary Hearing

Petitioner is not entitled to an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing [under § 2254*]."); see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318 (11th Cir. 2016) (petitioner not entitled to evidentiary hearing under § 2254 if fails to allege "enough specific facts that, if they were true, would warrant relief").

## VI. Certificate of Appealability

13

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2254 Cases. "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." R. 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, in view of the entire record, a certificate of appealability should be denied. If Petitioner disagrees, he may bring this argument to the District Court in objections to this report and recommendation.

## VII.     Recommendations

As discussed above, it is recommended that the § 2254 Petition [ECF No. 1] be DENIED; that no certificate of appealability issue; that final judgment be entered; and that the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Petitioner from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 19th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Jose Aranda
B14131
Desoto Annex
Inmate Mail/Parcels
13617 SE Highway 70
Arcadia, FL 34266
PRO SE

Rachael Kaiman
Office of the Attorney General
1515 N. Flagler Drive, Suite 900
West Palm Beach, FL 33401
561-837-5000 ex172
Email: rachael.kaiman@myfloridalegal.com

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com